### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 23 B 01764 |
| Patrice Coffey | ) | Honorable Judge: A. Benjamin Goldgar |
| Debtor | ) | CHAPTER 7 |
| _____) | _____ | |
| | ) | |
| Patrice Coffey | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ADV. NO. 23 AP 00029 |
| | ) | |
| U.S. Department of Education, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

### STIPULATION AND NON-OPPOSITION TO DISCHARGE

Plaintiff, Patrice Coffey (Plaintiff) and defendant United States Department of Education (Defendant) stipulate and agree as follows:

1.  Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on February 10, 2023.

2.  Plaintiff filed the above captioned adversary proceeding to determine the dischargeability of student loan debt based on undue hardship pursuant to 11 U.S.C. § 523(a)(8).

3.  The Department of Education holds two direct consolidation loans owed by Plaintiff, which loans were disbursed in 2001 in the amounts of $9,821.51 and $15,475.23, respectively (the Consolidation Loans); the approximate balance of the Consolidation Loans is $61,560. In addition, the Department of Education holds two direct (parent) plus loans owed by

Plaintiff, which loans were disbursed in 2016 in the amount of $3,177 and in 2017 in the amount of $10,000 (the Direct (Parent) Plus Loans); the approximate balance of such loans is $15,774.00.

4. The Consolidation Loans and the Direct (Parent) Plus Loans were made to Plaintiff under programs funded in whole or in part by a governmental unit within the meaning of 11 U.S.C. § 523(a)(8)(A).

5. Plaintiff and the Department of Education stipulate that requiring Plaintiff to repay the Consolidation Loans would impose an undue hardship on Plaintiff and the Consolidation Loans are therefore dischargeable under 11 U.S.C. §523(a)(8)(B) in the above captioned bankruptcy case. In addition, Plaintiff and the Department of Education stipulate that the Direct (Parent) Plus Loans are not subject to discharge in the above captioned bankruptcy case.

7. Plaintiff and the Department of Education agree to seek the entry of a judgment order in the above captioned adversary proceeding determining that the Consolidation Loans are subject to discharge and the Direct (Parent) Plus Loans are not subject to discharge in the above captioned bankruptcy case.

8. The parties certify that they have read and fully understand this stipulation.

Agreed:

Dated: November 16, 2023        By:    */s/ Megan Holmes*
                                        Megan Holmes
                                        Attorney for Debtor
                                        The Semrad Law Firm, LLC
                                        11101 S Western Ave
                                        Chicago, IL 60643
                                        (312) 837-4019
                                        mholmes@semradlaw.com
                                        Attorney for Plaintiff

                                                            MORRIS PASQUAL
                                                            Acting United States Attorney

Dated: November 16, 2023        By:    *s/ David H. DeCelles*
                                                            DAVID H. DECELLES
                                                            Assistant U.S. Attorney
                                                            219 South Dearborn Street
                                                            Chicago, Illinois 60604
                                                            (312) 353-4220
                                                            david.decelles@usdoj.gov
                                                            Attorneys for Defendant